ON MOTION FOR REHEARING
SHARP, Judge.
In its motion for rehearing, the appellees called to our attention the fact that some of the statutes cited in this court’s opinion were changed after 1980, the time when the activities involved in this case took place. We acknowledge our error in citing the 1981 version of some statutes. After reviewing the 1980 versions, however, we reach the same conclusion. In response to the appellees’ motion, we make the following changes in our original opinion:
1. As to point one, we recede from the statement in our opinion that two notices were required. In 1980, section 200.-065(2)(f), Florida Statutes (1980), mandated *22 only one advertisement or notice. An advertisement of the school district’s intent to adopt a tentative budget was required, and section 200.065(3), Florida Statutes (1980), specified that it be at least one-quarter of a newspaper page in size, and not placed in the classified or legal notices section. This basic requirement was breached by the School Board.
2. Regarding point two, the School Board’s notice of January 20, 1981, was not specifically required by any particular statute. We mentioned it in our opinion only for the purpose of showing that it could not have substituted for the notice of advertisement required by section 200.065(2)(f), Florida Statutes (1980), because of its format and size.
3. Regarding point three, an additional advertisement of the hearing to finalize the budget was not required pursuant to the 1980 version of sections 200.065 and 236.25, Florida Statutes (1980).
6. Regarding point six, the 1980 version of section 236.25 did not contain the specific requirement (present in the 1981 version) that the notice of advertisement specifically state what projects will be constructed from the discretionary millage levy. Accordingly, we recede from so much of our opinion as indicated otherwise. However, we adhere to our view that the tentative and final budgets should have specified the projects. Section 200.065(2)(e), Florida Statutes (1980), provided that at the hearing on the tentative budget, the first issue to be covered must be the increase in millage
and the specific purposes for which ad valorem tax revenues are being increased. During such discussion, the governing body shall hear comments regarding the proposed increase and explain the reasons for the proposed increase over the rolled-back rate. The general public shall be allowed to speak and to ask questions prior to adoption of any measure by the governing body. (Emphasis supplied).
§ 200.065(2)(e)(1), Fla.Stat. (1980). The notice of the meeting pursuant to section 200.-065 and a summary of the budget were to be published next to one another. § 237.-081, Fla.Stat. (1980). As pointed out in our opinion, unless the budget was specific about what projects were to be funded, the requirements of the notice, public hearing and hoped-for public discussion would be circumvented for all practical purposes.
Our opinion is revised to the extent noted above, but our conclusion is unchanged.
DAUKSCH and COBB, JJ., concur.